UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LESLIE BANKS,

        Plaintiff,

                                          Case Number 04-10258-BC

v.                                          Honorable David M. Lawson

THE DOW CHEMICAL COMPANY,

        Defendant.
_____ /

## ORDER DENYING PLAINTIFF'S MOTION
## FOR RECONSIDERATION

This matter is before the Court on the plaintiff's motion seeking reconsideration of this Court's January 19, 2006 opinion granting summary judgment in favor of the defendant on her claims of religious discrimination under Title VII. The plaintiff alleges three errors, which she believes entitle her to relief. She claims that a November 17, 2003 disciplinary letter referencing religion ultimately led to termination; that she related to her employer her need to express her religious beliefs; and that she was treated differently because of her medical leave. The Court now finds that these arguments do not entitle the plaintiff to relief.

The Court will grant a motion for reconsideration if the moving party shows: (1) a "palpable defect," (2) that misled the Court and the parties, and (3) that correcting the defect will result in a different disposition of the case. E.D. Mich. LR 7.1(g)(3). A "palpable defect" is a defect which is obvious, clear, unmistakable, manifest, or plain. *Fleck v. Titan Tire Corp.,* 177 F. Supp. 2d 605, 624 (E.D. Mich. 2001). Furthermore, the Local Rules provide that any "motion for rehearing or reconsideration which merely present the same issues ruled upon by the Court, either expressly or by reasonable implication, shall not be granted." E.D. Mich. LR 7.1(g)(3).

After reviewing the plaintiff's submission, the Court determines that the plaintiff raises the same arguments presented in her response to for summary judgment. The Court fully considered the November 17, 2003 letter and found that a reasonable fact finder could not conclude that the reference to religion contained therein factored into her discharge. Further, although the plaintiff told her employer that she would continue to discuss her faith if asked and that she disagreed that she should not be allowed to include "God Bless" in her work-related emails, the Court concluded that these statements would not have placed the employer on notice that accommodation was necessary. Finally, the Court scrutinized the record and was unable to discern evidence that the plaintiff was retaliated against because of her resort to FMLA leave.

Accordingly, it is **ORDERED** that the plaintiff's motion for reconsideration [dkt # 45] is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: March 2, 2006

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 2, 2006.

s/Tracy A. Jacobs
TRACY A. JACOBS